UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GILBERT ACEVEDO, | Case Nos. 1:11 CV 2267 (and 1:98CR140) |
| | 1:11 CV 2269 (and 1:98CR314) |
| Petitioner, | |
| | Judge Dan Aaron Polster |
| vs. | |
| | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OF OPINION** |
| | **AND ORDER** |
| Respondent. | |

Before the Court are two Motions to Vacate Sentence Pursuant to 28 U.S.C. § 2255 filed on October 24, 2011 by *Pro Se* Petitioner Gilbert Acevedo (the "Petition") **(Doc #: 1)**.[1] The Petition seeks to vacate the 57-month sentence imposed on Acevedo on December 7, 2009 following his plea of guilty in 1998 to fraud and tax charges, and his guilty plea on June 24, 2009 to a supplemental indictment of failure to appear and being a fugitive. Acevedo contends that he was denied effective assistance of counsel, and that the United States violated the Plea Agreement by opposing a two-level reduction for acceptance of responsibility.

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts,

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not

---

[1] Acevedo has filed the identical Motion in both of his underlying criminal cases, so there are two case numbers. As the two underlying criminal cases had been joined for trial, plea, and sentencing, the Court will render one § 2255 decision.

>dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Id. The Court has reviewed the Petition, along with the files and records of the case, and concludes that it plainly appears that Acevedo is not entitled to relief. Accordingly, pursuant to Rule 4(b), the Petitions are summarily **DENIED** and the civil cases are **DISMISSED WITH PREJUDICE** for the following reasons.

## I. STATEMENT OF FACTS

On November 25, 1998, Acevedo entered pleas of guilty to fraud and tax charges in the two underlying cases, 1:98CR140 and 1:98CR341, which had been joined for trial. Sentencing was set for March 9, 1999. (Case No. 1:98CR140, Doc #: 49; Case No. 1:98CR 314, Doc #: 26.) Acevedo, who was out on bond, fled the jurisdiction, and remained a fugitive for more than ten years until he was apprehended on March 16, 2009. On June 24, 2009, Acevedo entered a guilty plea to a supplemental indictment charging him with failure to appear for sentencing. (Case No. 1:98CR140, Doc #: 84.)

At the November 30, 2009 sentencing hearing, the Court sentenced Acevedo pursuant to the original Plea Agreement, including the parties' recommended two-level reduction for obstruction of justice. The only disputed issue was whether Acevedo should still get the 2-level reduction for acceptance of responsibility, even though he had been a fugitive for ten years. After hearing the arguments of counsel, the Court ruled that Acevedo should not get the reduction for acceptance of responsibility. The Court sentenced Acevedo to 51 months on the fraud and tax charges, and six months for the failure to appear, to run consecutively, for a total of 57 months. (Case No. 1:98CR140, Doc #: 91; Case No. 1:98CR314, Doc #: 59.)

Acevedo appealed his sentence and conviction to the Court of Appeals for the Sixth Circuit, which denied his appeal on March 25, 2011. (Case No. 1:98CR140, Doc #: 114; Case No. 1:98CR314, Doc #: 87.)

## II. LEGAL FRAMEWORK

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the Petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)(citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). A review of counsel's performance must be highly deferential and requires the courts to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). As to the second "prejudice" prong, the Supreme Court has stated that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome."

## III. ANALYSIS

Acevedo first contends that the United States violated the Plea Agreement by opposing the two-level reduction for acceptance of responsibility, and that his counsel was ineffective for failing to raise this on direct appeal. Both arguments are meritless.

Acevedo is correct that the Plea Agreement he entered into when he pleaded guilty on November 25, 1998 called for the United States to recommend a two-level reduction for

acceptance of responsibility, and that in fact, the United States did not recommend this reduction at the time of sentencing.  What Acevedo conveniently forgets to point out is that his sentencing occurred on November 23, 2009, rather than in February, 1999, because Acevedo was a fugitive for more than ten years.  An implied condition of the Plea Agreement was that Acevedo show up in court as scheduled in February, 1999 to be sentenced, since his conviction would not be final until then.

Commentary 4 to § 3E1.1 of the Sentencing Guidelines states that conduct resulting in an obstruction of justice enhancement ordinarily indicates that a defendant has not accepted responsibility for his criminal conduct.  At the November 30, 2009 sentencing hearing, the Court entertained argument as to whether this was an "extraordinary case in which adjustments under both §§ 3C1.1 [obstruction of justice] and 3E1.1 [acceptance of responsibility] may apply."  Ultimately, the Court determined that it was not an extraordinary case, because Acevedo's obstructive conduct lasted almost ten years, and Acevedo did not turn himself in. (November 30, 2009 Sentencing Hrg Tr. at 28-29.)

Acevedo did not challenge this ruling in his direct appeal.  While he contends that his counsel was ineffective for failing to do so, there is no reason to believe that such a challenge would have been successful.  Acevedo has not cited any case where a defendant such as himself who was a fugitive for ten years following his guilty plea, and was ultimately tracked down by the U.S. Marshal, received a two-level reduction for acceptance of responsibility.

Next, Acevedo contends that his counsel was ineffective at the sentencing hearing for failing to bring to the Court's attention mitigating documents and information.  Other than general references to FBI memoranda, documents and contact sheets, Acevedo fails to describe

these documents or indicate their relevance to his sentencing. In fact, his attorneys argued strenuously on his behalf that he should get the two-level reduction for acceptance of responsibility. The Court elected to follow the remainder of the Plea Agreement, and only imposed an additional six months' sentence for the supplemental charge of being a fugitive. In short, Acevedo cannot show that his counsel was ineffective under *Strickland*, nor can he demonstrate that his sentence would have been different.

Finally, Acevedo has requested the appointment of counsel to pursue his § 2255 action. Since the Court deems Acevedo's petition to be meritless, the Court declines to appoint counsel.

### IV. CONCLUSION

Accordingly, since it plainly appears from an examination of the Petition, files and record that Acevedo's claims are meritless, Acevedo's § 2255 Petition is summarily **DENIED** and the civil cases are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     October 26, 2011*
**Dan Aaron Polster**
**United States District Judge**